**Amarjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72630.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, Tsz–Hai Huang, Hardeep S. Rai, Earle A. Sylva, Tsz–Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District, Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Amarjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration

** This disposition is not appropriate for publication and may not be cited to or by the courts of this. circuit except as provided by Ninth Circuit Rule 36–3.

Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for disbelieving him based on inconsistencies between his testimony to the asylum officer and his testimony before the IJ. *See id.* at 1043. These inconsistencies went to the heart of the asylum claim, and included discrepancies regarding events leading up to his departure from India, the length of two detentions, the injuries he sustained while detained, when he fled his village, and when his membership began in the political party that was one basis of his persecution claim. *See id.; Mejia–Paiz v. INS*, 111 F.3d 720 (9th Cir.1997). Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See Chebchoub*, 257 F.3d at 1045; *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, substantial evidence supports the IJ's denial of relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**